# EXHIBIT B

1/18/2021 4:52 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 49795015
By: Carolina Salgado
Filed: 1/19/2021 12:00 AM

CAUSE NO. _____

| | | |
|---|---|---|
| LUIS GONZALEZ<br>*Plaintiff,* | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| v. | §<br>§<br>§ | HARRIS COUNTY, TEXAS |
| TARGET CORPORATION<br>*Defendants.* | §<br>§<br>§ | _____ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR JURY TRIAL, REQUEST FOR DISCLOSURES AND REQUEST FOR DISCOVERY**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Luis Gonzalez Plaintiff, complaining of Target Corporation and for cause of action would show as follows:

**1.   Discovery Level**

1.1 Discovery in this case is to be conducted under a Level 3 discovery control plan pursuant to Texas Rule of Civil Procedure 190.3.

**2.   Parties**

2.1 Plaintiff, Luis Gonzalez, is a resident of Harris County, Texas.

2.2 Defendant, Target Corporation is a corporation doing business in Harris County, Texas.  Defendant may be served with process by serving its registered agent CT Corporation System at 1999 Bryan St., Suite 900, Dallas, Texas 75201.

**3.   Venue and Jurisdiction**

3.1 Venue is proper and maintainable in Harris County, Texas, since the incident

PAGE 1

occurred in Harris County, Texas. The Court has jurisdiction in this matter since Plaintiff's damages are within its jurisdictional limits. Plaintiff seeks monetary relief of over $250,000.00 and not less than $1,000,000.00 or less including damages of any kind, penalties, costs, expenses, prejudgment interest and attorney fees.

**4.     Facts, Legal Claims and Damages**

4.1 On or about June 4th, 2019, Plaintiff was an invitee, at a Target location located at 984 Gessner Rd., Houston, Texas. Mr. Gonzalez slipped and fell in a puddle of water that was coming from a leak from a refrigeration display, causing severe injuries. Plaintiff was taken by ambulance to St. Joseph Medical Center. Mr. Gonzalez continues to suffer from the injuries and can be expected to require future medical treatment as a direct result of this injury. At all times material hereto, Plaintiff was an invitee on these premises.

4.2 Nothing Plaintiff did or failed to do on the occasion in question caused or in any way contributed to cause his injuries or the occurrence in question. Rather, it was the negligence of the Defendants, Target Corporation, named herein its employees, supervisors, officers and agents, which proximately caused the occurrence and Plaintiff's resulting injuries and damages.

4.3 At all times relevant to this cause, Defendant Target Corporation's employees were acting in the course and scope of their employment for the Defendant Target Corporation and therefore Defendant Target Corporation is responsible for any negligence through the doctrine of *respondeat superior*.

4.4 Defendant, Target Corporation, owed a duty to Plaintiff to exercise a reasonable degree of care, in the performance of its contractual duties where there was foreseeable injury to

persons from failure to exercise such care. The Defendant Target Corporation failed in those respects as to the Plaintiff, and such failure caused and resulted in the injuri.es and damages sustained by Plaintiff. These conditions were brought about and caused by the Defendant, Target Corporation.

4.5 Plaintiff would show that the Defendant, Target Corporation, negligent through acts and omissions, by and through agents, servants, and/or employees, acting in the course and scope of their respective employments, individually and/or collectively.

4.6 Defendant, Target Corporation, was also negligent in hiring a reckless and/or incompetent and/or unfit employee and/or in failing to properly train, instruct and supervise its employees. Defendant, Target Corporation, failed to provide the proper training and instruction to its employees that would have provided them with the proper skills and knowledge to avoid the incident that forms the basis of this lawsuit. Defendant's negligent hiring and failure to properly instruct and train its employee was a proximate cause of the accident and Plaintiff's resulting injuries and damages.

4.7 Defendants were grossly negligent and acted with malice, as that term is understood under Texas law, and such conduct was a proximate cause of Plaintiff's injuries. Defendants' malicious and grossly negligent conduct justifies the imposition of punitive and exemplary damages as punishment of Defendants and their callous disregard for the safety of individuals such as Plaintiff. Plaintiff therefore asks for punitive and exemplary damages in addition to all actual damages.

4.8 Because of the actions and conduct of Defendants set forth above, Plaintiff suffered injuries and damages. By reason of those injuries and the damage following in law therefrom, this

suit is sustained.

4.9 Because of the nature of the injuries Plaintiff sustained, she has suffered physical, mental anguish, physical impairment and disfigurement in reasonable probability will continue to suffer physical pain, mental anguish, physical impairment and disfigurement into the future.

4.10 The injuries sustained by Plaintiff have required medical treatment in the past and in reasonable probability, will require other additional medical treatment in the future. Charges incurred by Plaintiff for such medical treatment in the past and those which will in reasonable probability will continue to experience a loss of wages in the future. To compensate for this loss, she seeks recovery of past and future lost wages.

## 5. Premises Liability

5.1 Furthermore, Defendant was guilty of negligence and/or premises liability for one or more of the following reasons:

- Failure to maintain the premises in a reasonable safe condition;

- Failure to inspect the premises where the dangerous condition existed;

- Failure to correct the condition by taking reasonable measures to safeguard persons who entered the premises;

- Failure to inform Plaintiff of the dangerous condition existing on the premises; and,

- Other facts so deemed negligent.

5.2 At all material times hereto, Plaintiff was an invitee on the premises, which at all material times were operated by Defendant. Defendant knew or reasonably should have known about the condition that posed an unreasonable risk of harm. The negligence of Defendant as set out above was the proximate cause of Plaintiff's injuries and damages.

5.3 Defendant was also negligent in that it failed to act as a reasonable prudent premise owner would act in the same or similar situation.

**6.     Reserve the Right to Amend & Supplement**

6.1 These allegations against Defendants are made acknowledging that investigation and discovery, although undertaken, are continuing in this matter. As further investigation and discovery are conducted, additional facts will surely be uncovered that may and probably necessitate further, additional, and/or different allegations, including the potential of adding parties to and/or dismissing parties from this case. The right to do so is, under Texas law, expressly reserved.

**7.     Pre- and Post-Judgment Interest**

7.1 Plaintiff would additionally say and show that they are entitled to recovery of pre- and post-judgment interest in accordance with law and equity as part of their damages herein, and Plaintiff here and now sues for recovery of pre- and post-judgment interest as provided by law and equity, under the applicable provisions of the laws of the State of Texas.

**8.     Jury Demand**

8.1 Plaintiff hereby demands a trial by jury.

**9.     Request for Disclosure to Defendant**

9.1 Pursuant to Texas Rules of Civil Procedure 194, Plaintiff requests you disclose, within 50 days of service of this request, the information or materials described in Texas Rules of Civil Procedure 194.2(a)-(1).

**10.    Other Discovery**

10.1 Plaintiff refers to the attached Request for Admissions, Interrogatories and Request for Production and notifies you that a response is required within 50 days of service of these requests.

**11.    Rule 193.7 Notice**

11.1 Plaintiff hereby gives actual notice to Defendant that any and all documents produced may be used against Defendant at any pre-trial proceeding and/or trial of this matter without the necessity of authenticating the documents.

**12.    Conclusion and Prayer**

Plaintiff requests that Defendants be cited to appear and answer, and that on final trial Plaintiff have: (1) judgment against Defendants, for actual, compensatory and exemplary damages in accordance with the evidence; (2) pre-judgment and post-judgment interest as provided by law; (3) costs of court; (4) attorney's fees; and (5) such other and further relief, general and special, to which Plaintiff may show herself justly entitled at law and in equity.

Respectfully submitted,

**AK LAW FIRM**

*/s/ Andrew D. Kumar*
Andrew D. Kumar
Texas Bar No. 24075913
Pulkit Moudgil
Texas Bar No. 24102254
3501 Allen Parkway
Houston, Texas 77019
Telephone: 832-699-5559
Facsimile: 832-681-7333
E-Service: Service@KumarFirm.com

**ATTORNEY FOR PLAINTIFF**

CAUSE NO. 2021-021965

| | |
|---|---|
| LUIS GONZALEZ, | IN THE DISTRICT COURT OF |
| *Plaintiff* | |
| v. | |
| | HARRIS COUNTY, TEXAS |
| TARGET CORPORATION, | |
| *Defendant.* | 129th JUDICIAL DISTRICT |

# DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Target Corporation, Defendant in the above entitled and numbered cause, and in answer to the Plaintiff's pleadings on file herein, would respectfully show unto the Court as follows:

## A.
## GENERAL DENIAL

1. Defendant asserts a general denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure, and respectfully request that Plaintiff be required to prove the charges and allegations against this Defendant by the evidence as is required by the laws of the State of Texas.

## B.
## CREDIT / OFFSET

2. In the unlikely event that Defendant is found liable to Plaintiff, Defendant affirmatively pleads that it is entitled to a dollar-for-dollar credit/offset for any and all sums Plaintiff has received or may hereafter receive by way of any and all payments or settlements of any claims, causes of action, or potential causes of action arising out of the

incident made the basis of this lawsuit. This written election is being made pursuant to §33.012(b)(1) of the Texas Civil Practice & Remedies Code.

## C.
## RIGHT TO SUPPLEMENT

3. Defendant respectfully reserves the right at this time to amend this Original Answer to the Plaintiff's allegations after said Defendant has had the opportunity to investigate more closely these claims, as is the right and privilege of said Defendant under the Rules of Civil Procedure and the laws of the State of Texas.

## D.
## DISCOVERY DOCUMENTS

4. By way of further Answer, Defendant hereby gives actual notice to the Plaintiff, that any and all documents produced during discovery may be used against the party Plaintiff, if any, at any pre-trial proceeding and/or trial of this matter without the necessity of authenticating the document. This notice is given pursuant to Rule 193.7 of the Texas Rules of Civil Procedure.

## E.
## PAID OR INCURRED

5. Defendant invokes §41.0105 of the Texas Civil Practice and Remedies Code and requests that, to the extent Plaintiff seeks recovery of medical or healthcare expenses, the evidence to prove such loss be limited to the amount actually paid by or on behalf of the Plaintiff, as opposed to the amount charged.

## F.
## NET LOSS REDUCTION

6. Defendant also invokes §18.091 of the Texas Civil Practice and Remedies Code and requests that, to the extent that Plaintiff seeks recovery for loss of earnings, loss of earning capacity, loss of contributions of a pecuniary value, or a loss of inheritance, that the evidence to prove such loss must be present in the form of a net loss after reduction for income tax payments or unpaid tax liability. Defendant further requests that the Court instruct the jury as to whether any recovery for compensatory damages sought by Plaintiff is subject to federal income taxes.

## G.
## CONTRIBUTORY NEGLIGENCE

7. Plaintiff contributed to the incident and/or was the sole cause of the incident. In this regard, the Plaintiff failed to keep a proper lookout and failed to be aware of his surroundings.

## H.
## JURY DEMAND

8. Defendant herein demands a trial by jury on all contested fact issues. On this date, a jury fee has been paid.

WHEREFORE, PREMISES CONSIDERED, the above-named Defendant, Target Corporation, having fully answered herein, prays that Plaintiff take nothing by reason of this suit, and that Defendant be discharged. Defendant prays further that all court costs expended or incurred in this cause be assessed and taxed against Plaintiff, and for all such other and further relief, both general and special, at law and in equity, to

which Defendant may show itself justly entitled.

Respectfully submitted,

GERMER, PLLC

By: _____
TROY A. WILLIAMS
State Bar No. 00788678
VALERIE LY
State Bar No. 24053602

America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas  77019
Telephone: (713) 650-1313
Facsimile: (713) 739-7420
E-Mail: *twilliams@germer.com*
E-Mail: *vly@germer.com*

ATTORNEYS FOR DEFENDANT,
TARGET CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been duly served on the following counsel through the Court's e-service on this the 12th day of February, 2021:

*service@kumarfirm.com*
Andrew D. Kumar
Pulkit Moudgil
AK Law Firm
3501 Allen Parkway
Houston, Texas  77019
*Attorneys for Plaintiff*

_____
TROY A. WILLIAMS

CAUSE NO. 2021-021965

| | |
|---|---|
| LUIS GONZALEZ, | IN THE DISTRICT COURT OF |
| *Plaintiff* | |
| v. | |
| | HARRIS COUNTY, TEXAS |
| TARGET CORPORATION, | |
| *Defendant.* | 129th JUDICIAL DISTRICT |

# RULE 216 REQUEST FOR JURY TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

In accordance with the provisions of Rule 216 of the Texas Rules of Civil Procedure, Defendant, Target Corporation, requests that when this case proceeds to trial it be placed on the Court's jury trial docket.

Respectfully submitted,

GERMER, PLLC

By: _____
TROY A. WILLIAMS
State Bar No. 00788678
VALERIE LY
State Bar No. 24053602
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas  77019
Telephone: (713) 650-1313
Facsimile: (713) 739-7420
E-Mail: *twilliams@germer.com*
E-Mail: *vly@germer.com*

ATTORNEYS FOR DEFENDANT,
TARGET CORPORATION

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the above and foregoing instrument has been duly served on the following counsel through the Court's e-service on this the 12th day of February, 2021:

*service@kumarfirm.com*
Andrew D. Kumar
Pulkit Moudgil
AK Law Firm
3501 Allen Parkway
Houston, Texas  77019
*Attorneys for Plaintiff*

 

_____
TROY A. WILLIAMS